Midland Funding, LLC, Respondent,
against
Ruth Morgan, Appellant. 




Ruth Morgan, appellant pro se.
Selip & Stylianou, LLP (Efstathios Georgiou of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered February 14, 2018. The order, after a traverse hearing, denied defendant's motion to vacate a judgment of that court entered on April 4, 2017 upon defendant's failure to answer the complaint or appear in the action.




ORDERED that the order is affirmed, without costs.
In this action to recover for breach of a credit card agreement, a judgment was entered on April 4, 2017 awarding plaintiff the principal sum of $4,065.01 upon defendant's failure to answer the complaint or appear in the action. Thereafter, defendant moved to vacate the default judgment on the ground, insofar as is relevant to this appeal, that the Civil Court lacked jurisdiction over her person (see CPLR 5015 [a] [4]). The Civil Court granted the motion to the extent of ordering a traverse hearing. 
At the hearing, the process server testified that, when he rang the doorbell and stated that he was a process server and that he was looking for Ruth Morgan, the person who answered the door immediately took the papers from him. While he had only a brief look at that person, she was the same person as the person present in court, i.e., defendant. Defendant testified that she did not live at the address served. Following the traverse hearing, the Civil Court, in an order entered February 14, 2018, denied defendant's motion to vacate the default judgment, finding that defendant appeared more youthful in person than her actual age, and therefore closer to the process server's approximation of defendant's age as set forth in the affidavit of service. 
The court, as the finder of fact, found the process server's testimony to be more credible than that of defendant. We note that defendant failed to establish that her residence was elsewhere at the time service was made or that service was improper regardless of who the individual was who was served. Under the circumstances presented, we find no basis to disturb the Civil Court's determination.
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020